IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ALTURO PASCO, | : |
| Plaintiff | : |
| VS. | :    1 : 04-CV-98 (WLS) |
| CORPORAL CHRIS LEBLANC, | : |
| Defendant. | : |

**RECOMMENDATION**

    Presently pending in this § 1983 action is the defendant's Motion for Summary Judgment. The undersigned notified the plaintiff of the filing of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

*Background*

    The plaintiff filed this action in July 2004, raising allegations of denial of due process and excessive force while he was confined in the Dougherty County Jail as a pretrial detainee. Specifically, the plaintiff maintains that on May 27, 2004, defendant LeBlanc denied him certain recreational time without explanation or a disciplinary hearing and removed the plaintiff from his cell for allegedly kicking his cell door, chaining him in another cell for one and one-half hours in handcuffs that were excessively tight. The plaintiff alleges that he suffered emotional injury as a result of this confinement, but does not present allegations of any specific physical harm in his complaint.

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). Defendant LeBlanc has supported his summary judgment motion with certain discovery requests and responses and a prison security report pertaining to the date in question.

The Supreme Court's recent decision in Sandin v. Connor, 515 U.S. 472, 115 S. Ct. 2293 (1995) makes clear that the imposition of prison disciplinary sanctions does not implicate a prisoner's rights under the Due Process clause.  The Court in Sandin ruled that liberty interests protected by the Due Process clause "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. 115 S. Ct. at 2299.  This ruling clearly removes from the constitutional realm any claim that the plaintiff was disciplined without due process.  Such a claim is simply an attack on the procedures and standards used in imposing prison discipline and, after Sandin, can no longer be held to implicate the Due Process clause.

To the extent that the plaintiff challenges the use of restraints as an unconstitutional exercise of excessive force, "analysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: 'the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.'" Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996) (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)).  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.  In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  Gilmere v. City of Atlanta, 774 F.2d 1495, 1500 (11th Cir. 1985) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).[1]

The plaintiff, in his complaint and responses to the defendant's discovery requests, details only alleged emotional injuries, and states that LeBlanc ordered him shackled based on his belief that the plaintiff was kicking his cell door.  Furthermore, the plaintiff states that he was only

---

[1] "'Claims involving the mistreatment of ... pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners.' Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir.1996). But it makes no difference whether [the plaintiff] was a pretrial detainee or a convicted prisoner because "'the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving ... pretrial detainees.' Id." Bozeman v. Orum, 422 F.3d 1265, 1269 (11th Cir. 2005).

shackled for one and one-half hours.  These undisputed circumstances of the plaintiff's restraint evidence the infliction of no physical injury and the limited use of restraints in the face of a perceived violation of jail rules or orders.  As the defendant's security report indicates, the plaintiff had already lost his "time out" due to kicking the door and, after he again kicked his door, was placed in leg irons to prevent further kicking.  The plaintiff's affidavit testimony that he had not, in fact, kicked his cell door does not disturb the plaintiff's own allegations that another inmate was kicking his cell door and that LeBlanc arrived at the plaintiff's cell believing that the door kicking was coming from the plaintiff rather the other inmate.  The plaintiff has failed to prove that "force was applied . . . maliciously and sadistically for the very purpose of causing harm."  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).

Accordingly, it is the recommendation of the undersigned that the defendant's Motion for Summary Judgment be **GRANTED**.  In light of the findings herein, it is further recommended that the plaintiff's Motion for Summary Judgment, filed subsequent to the filing of defendant's motion, be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 17th day of February, 2006.

    /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE